OTH 407

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SAC FUND II 0406,LLC,

        Plaintiff

Docket# 18-cv-4875 (JBW)(RER)

-against-

ANSWER

HENRY MOYA, CAREN RODRIQUEZ, NYC ENVIROMENTAL CONTROL BOARD, NYC PARKING VIOLATIONS BUREAU, JOHN DOES NOS. 1-10, the last ten names being fictitious and unknown to Plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest in or lien upon the premises, described in the complaint,

        Defendants.

---

The Defendant, HENRY MOYA, by his attorneys, The Law Offices of Edward J. Troy, answering the plaintiff's complaint, hereby states as follows:

## NATURE OF THE ACTION

1. Denies those allegations contained in paragraph 1 of the plaintiff's complaint, except admits that plaintiff has served what purports to be a complaint in foreclosure, and respectfully refers all questions of law to the Court.

## THE PARTIES

2. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 2 of the plaintiff's complaint.

3. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 3 of the plaintiff's complaint.

4. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 4 of the plaintiff's complaint.

5. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 5 of the plaintiff's complaint.

6. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 6 of the plaintiff's complaint.

7. Denies, in the form stated, the allegations contained in paragraph 7 of the plaintiff's complaint.

8. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 8 of the plaintiff's complaint.

9. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 9 of the plaintiff's complaint.

10. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 10 of the plaintiff's complaint.

11. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 11 of the plaintiff's complaint.

## JURISDICTION AND VENUE

12. Denies those allegations contained in paragraph 12 of the plaintiff's complaint, and refers to the Court the question of whether or not plaintiff is a holder of a certain note or a proper party to this action.

13. Denies those allegations contained in paragraph 13 of the plaintiff's complaint, and refers to the Court the question of whether or not plaintiff is a holder of a certain note or a proper party to this action, which may rely on an agreement in the absence of privity.

## THE LOAN DOCUMENTS

14. Denies the allegations contained in paragraph 14 of the plaintiff's complaint, except admits that Defendant Moya executed a Promissory Note in the principal amount of $700,000.

15. Denies those allegations contained in paragraph 15 of the plaintiff's complaint, except admits that Defendant Moya executed a mortgage.

16. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 16 of the plaintiff's complaint.

17. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 17 of the plaintiff's complaint.

## PERTINENT TERMS OF THE LOAN DOCUMENTS

18. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 18 of the plaintiff's complaint, and respectfully refers any questions concern the terms of the actual Note to the Court.

19. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 19 of the plaintiff's complaint, and respectfully refers any questions concern the terms of the actual Mortgage to the Court.

## THE DEFAULTS UNDER THE LOAN DOCUMENTS

20. Denies those allegations contained in paragraph 20 of the plaintiff's complaint.

21. Denies those allegations contained in paragraph 21 of the plaintiff's complaint.

22. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 22 of the plaintiff's complaint, and respectfully refers any questions concern the terms of the actual Note and Mortgage to the Court.

23. Denies, in the form stated, those allegations contained in paragraph 23 of the plaintiff's complaint.

24. Denies, in the form stated, those allegations contained in paragraph 24 of the plaintiff's complaint.

25. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 25 of the plaintiff's complaint, and respectfully refers any questions concern the terms of the actual Note and Mortgage to the Court.

26. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 26 of the plaintiff's complaint.

27. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 27 of the plaintiff's complaint.

28. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 28 of the plaintiff's complaint, and respectfully refers all questions of law to the Court.

29. Denies knowledge or information sufficient to form a belief as to those allegations contained in paragraph 29 of the plaintiff's complaint, and respectfully refers all questions of law of the Court.

30. Admits those allegations contained in paragraph 30 of the plaintiff's complaint.

31. Denies those allegations contained in paragraph 31 of the plaintiff's complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

In Justinian Capital SPC v. West LB AG, 28 NY3d 160 (2016), the New York Court of Appeals held that when the purchase of a note was "made for the very purpose of bringing such a suit" that is champerty. The transfer agreement was executed after suit was commenced and a fairly strong inference can be drawn that this was champerty.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to pursue this action in that the plaintiff neither "owns" nor possesses a Promissory Note in proper form and fully executed.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action against the answering defendant upon which relief may be granted.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiff has violated NYS Banking Law and the Rules and Regulations promulgated thereunder and, is thus incapable of maintaining this action.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Pursuant to NYS Banking Law §6L and 6M this was a high cost home loan and/or a sub-prime home loan and the plaintiff has failed to comply with the special rules attaching thereto and is incapable of maintaining this action.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

The plaintiff has violated NYS RPAPL §1304 and 1306 and is incapable of maintaining this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

In issuing the subject mortgage, the plaintiff or its alleged assignor engaged in deceptive practices and violated proper underwriting standards.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

The subject mortgage incorrectly describes the premises by which it is secured.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

The Certificate of Merit required by CPLR 3012-b is factually incorrect and fails to state a legitimate basis by which the affirmant could certify the merit of this action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

The "CERTIFIED TRUE COPY" of the note attached to the plaintiff's complaint names a party other than the plaintiff as the Lender, but the caption of the matter makes no mention of this entity.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

The "ALLONGE" attached to the note that is attached to plaintiff's complaint is executed by a party other than the plaintiff.

The plaintiff's complaint fails to demonstrate how plaintiff took possession of the Note from the note's originator.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Subsequent to the initial execution of the Note and Mortgage by the answering defendant, the Note and Mortgage were "stripped" apart and the Note and Mortgage were assigned to different entities.

When the Note and Mortgage were assigned to different entities, the right to foreclose on the subject property could not be assigned and, therefore, the plaintiff never received any right to foreclose.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The time in which to bring this action has expired and, therefore, there is no relief available to the defendant.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

There is no proof of a proper "chain" of assignments and is not entitled to relief.

WHEREFORE, the answering defendant demands judgment dismissing this action in it entirety, together with an y other or further relief which to this Court seems just and proper.

Dated: October 9, 2018
      Greenlawn, NY 11740

_____
EDWARD J. TROY

Robinson Brog Leinwand Greene Genovese & Gluck, P.C.
875 Third Avenue, 9th Floor
New York, NY 10022